UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

### Case Number: 08-21213-CIV-MORENO

PANAMA SHIPPING LINES, INC.,

      Plaintiff,

vs.

CIRAMAR   INTERNATIONAL   TRADING,
LTD. et al.,

      Defendants.

_____/



## ORDER GRANTING MOTIONS TO DISMISS

Panama Shipping Lines, Inc.'s vessel, the M/V Tideway, sank off the coast of the Dominican Republic less than one year after Ciramar International Trading, Ltd., a Dominican corporation, repaired it at its Dominican facilities. Panama Shipping then sued Ciramar International Trading, Ltd. in this Court, along with Ciramar S.A. as its alleged "alter ego", for negligence. The Court hereby GRANTS the Defendants' Motions to Dismiss **(D.E. Nos. 36 and 38)** because it lacks personal jurisdiction over Ciramar International Trading, Ltd. or Ciramar S.A. In addition, even if the Court possessed personal jurisdiction, it would dismiss the case under *forum non conveniens*, finding, as set forth in greater detail below, that the Dominican Republic is an adequate forum and that both the private and public interest factors support a dismissal on that basis.

### I. INTRODUCTION

Plaintiff Panama Shipping Lines, Inc., a Panamanian corporation that maintains an office in Miami, Florida, entered into a contract with Defendant Ciramar International Trading, Ltd. ("Ciramar Ltd."), a foreign corporation located in the Dominican Republic, for the repair of

Plaintiff's vessel, the M/V Tideway, at Ciramar Ltd.'s facilities in the Dominican Republic.
Upon completion of the repairs, Plaintiff paid Ciramar Ltd. the sums due for the repairs by wiring
payments, as instructed, to the Miami, Florida Ocean Bank account of Defendant Ciramar S.A.
("Ciramar S.A."), also a foreign corporation located in the Dominican Republic.  Less than a year
after the repair work, the M/V Tideway developed several substantial leaks in its hull and sank in
open water, resulting in a total loss and damages of approximately $1 million dollars.

　　　　Plaintiff then brought this negligence action against Ciramar Ltd. and Defendant Navieras
del Caribe--who was later voluntarily dismissed from this action--pursuant to this Court's
admiralty jurisdiction.  In its initial Complaint, Plaintiff alleged that Ciramar Ltd. performed
negligent repair work on the M/V Tideway which eventually caused it to sink.  Plaintiff also
moved for issuance of the process of attachment and garnishment over Ciramar Ltd.'s property in
the possession of Garnishee Ocean Bank, which this Court granted.  Ocean Bank answered the
writ, indicating that it had a good faith doubt as to whether it was indebted to Ciramar Ltd. at all,
but that it did possess Ciramar S.A assets.  Plaintiff then amended its Complaint to allege not
only that Ciramar Ltd. was liable for its negligent repair work, but also to allege that Ciramar
S.A. was liable as the "alter ego" of Ciramar Ltd.

　　　　Both Ciramar Ltd. and Ciramar S.A. moved to dismiss Plaintiff's Amended Complaint.
Ciramar Ltd. moved to dismiss for *forum non conveniens*, lack of personal jurisdiction, and
failure to state a cause of action, and Ciramar S.A. moved to dismiss for lack of personal
jurisdiction.

## II. LEGAL STANDARD

　　　　On a motion to dismiss, the Court must view the complaint in the light most favorable to

-2-

the plaintiff. *Glover v. Ligett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must have "enough facts to state a claim to relief that is plausible on its face"; if it does not "nudge[] the[] claims across the line from conceivable to plausible, [it] must be dismissed." *Id.* at 1974. Dismissal is appropriate when it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Milburn v. U.S.,* 734 F.2d 762, 765 (11th Cir. 1984).

### III. PERSONAL JURISDICTION UNDER SUPPLEMENTAL RULE B

The Court finds that it lacks personal jurisdiction over both Ciramar Ltd., and Ciramar S.A. Ciramar Ltd. is not located "within the district." Ciramar Ltd. possesses no assets within this Court's jurisdiction. Moreover, although it attached Ciramar S.A.'s assets at Ocean Bank, Panama Shipping failed its burden to establish reasonable grounds for a claim against Ciramar S.A. Because the Court lacks personal jurisdiction over either defendant, this case is due for dismissal.

#### A. Personal Jurisdiction Over Ciramar Ltd.

Supplemental Rule B(1)(a) provides that, in an in personam admiralty case, "[i]f a defendant is not found *within the district*, a verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property" (emphasis added). A defendant can be found "within the district" if both jurisdiction over the person exists in that

-3-

district, and service of process can be effected within the district; otherwise, the plaintiff must rely on attachment and garnishment to establish in personam jurisdiction. *LaBanca v. Ostermunchner*, 664 F.2d 65, 67 (5th Cir. 1981).

Ciramar Ltd. is a Dominican corporation with no assets in Florida. As it possesses no assets in Florida, this Court's writ of attachment, issued on May 1, 2008, reached no Ciramar Ltd. assets at Ocean Bank. Panama Shipping has thus failed to establish this Court's jurisdiction over Ciramar Ltd. under Supplemental Rule B. As a result, the Court lacks personal jurisdiction over Ciramar Ltd., and dismisses the suit against it on those grounds.

### B. Personal Jurisdiction Over Ciramar S.A.

Attachment under Supplemental Rule B establishes quasi in rem jurisdiction over a defendant's property located within the district, despite a lack of in personam jurisdiction. *Dannebrog Rederi AS v. M/V True Dream*, 146 F.Supp.2d 1307, 1311 (S.D. Fla. 2001). Nevertheless, under Supplemental Rule E(4)(f), a court must determine whether *prima facie* reasonable grounds or probable cause support a plaintiff's writ of attachment and garnishment under Supplemental Rule B. Those reasonable grounds include that "the plaintiff has an in personam *claim* against the defendant." *M/V True Dream*, 146 F.Supp.2d at 1311 (emphasis added). Plaintiffs retain the burden of proving such reasonable grounds. *Id.*

Panama Shipping failed its initial burden of establishing reasonable grounds under Supplemental Rule E(4)(f), because it failed to demonstrate an in personam claim against Ciramar S.A. As the parties stipulate, Ciramar S.A. never performed any repairs on the M/V Tideway. Moreover, none of Ciramar S.A.'s funds attached at Ocean Bank represent payments made by Panama Shipping to Ciramar Ltd. Most tellingly, Panama Shipping failed to

-4-

demonstrate that Ciramar S.A. acted as an "alter ego" for Ciramar Ltd. It failed to establish "complete domination" of Ciramar S.A. by Ciramar Ltd., that Ciramar Ltd. used that control to commit fraud or otherwise violate the law, or that such control and breach of duty proximately caused Panama Shipping's injury. *MCI Telecommunications Corp v. O'Brien Marketing, Inc.*, 913 F.Supp. 1536, 1541 (S.D. Fla. 1995). Because Panama Shipping failed to establish reasonable grounds for an in personam claim against Ciramar S.A., the Court lacks personal jurisdiction and the case against Ciramar S.A. is dismissed.

## IV. FORUM NON CONVENIENS

The doctrine of *forum non conveniens* permits a court to decline to exercise jurisdiction when it appears that the convenience of the parties and the interests of justice weigh in favor of trying the action in an alternative forum. *See generally Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981). In deciding whether to dismiss a case on *forum non conveniens* grounds, courts must examine (1) the availability of an alternative and adequate forum; (2) the private interest factors; (3) the public interest factors; and (4) whether the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice. *La Seguridad v. Transytur Line*, 707 F.2d 1304, 1307 (11th Cir. 1983). A court must consider all relevant factors of private interest, weighing in the balance a strong presumption against disturbing the plaintiff's initial forum choice. *See id.* If the court finds this balance of private interests to be in equipoise or near equipoise, it must then determine whether or not factors of public interest tip the balance in favor of a trial in a foreign forum. *Id.* Although "private factors are generally considered more important" than the public ones, courts should consider both public and private factors. *See Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir. 2001). Defendants must present "positive

-5-

evidence of unusually extreme circumstances and thoroughly convince [the court] that material injustice is manifest before ousting a domestic plaintiff from this country's courts." *SME Racks, Inc. v. Sistemas Macanicos Para Electronica, S.A.*, 382 F.3d 1097, 1101-02 (11th Cir. 2004); *King v. Cessna Aircraft Co.*, 405 F. Supp. 2d 1374, 1377 (S.D. Fla. 2005).

## A. Adequate Alternative Forum

At the outset of any *forum non conveniens* inquiry, a court must determine whether there exists an alternative forum. *Piper Aircraft Co.*, 454 U.S. at 255 n.22.  The defendant carries the initial burden of establishing an adequate alternative forum exists with jurisdiction over the whole case. *Sun Trust Bank v. Sun Int'l Hotels, Ltd.*, 184 F. Supp. 2d 1246, 1262 (S.D. Fla. 2001). "An adequate forum need not be a perfect forum"; "however, the forum must afford a satisfactory remedy." *Satz v. McDonnell Douglas Corp.*, 244 F. 3d 1279, 1283 (11th Cir. 2001); *King*, 405 F. Supp. 2d at 1377. A forum is adequate even though it provides a remedy that would be substantially less than the remedy in the United States. *See Sigalas v. Lido Maritime, Inc.*, 776 F.2d 1512, 1519 (11th Cir. 1985).   Generally, a defendant satisfies that burden by showing that it is "amenable to process in the other jurisdiction." *See Piper Aircraft*, 454 U.S. at 255 n.22.

In the instant case, "Ciramar Ltd. agrees to submit to the jurisdiction of the Dominican Republic making itself amenable to service of process there," and Ciramar S.A. is a corporation located in the Dominican Republic (and the alleged "alter ego" of Ciramar Ltd.) and thus is likely subject to service of process there. *See Motion to Dismiss* at 13.  Further, Ciramar Ltd. has provided the Court with assurance that a court in the Dominican Republic would have subject matter jurisdiction over this dispute and that the legal system in the Dominican Republic

-6-

provides for the imposition of liability based upon negligence. *See Affidavit of George Butler* at ¶ 5. Finally, other courts have already found the Dominican Republic to be an adequate forum to address negligence claims. *See Perez-Lang v. Corporacion de Hoteles, S.A.,* 575 F. Supp. 2d 1345 (S.D. Fla. 2008) (finding the Dominican Republic to be an adequate alternative forum for a negligence action). Taking these factors into account, and the fact that Plaintiff did not dispute the adequacy of the Dominican Republic as an alternative forum, the Court finds that Ciramar Ltd. has met its burden to establish that the Dominican Republic is an adequate alternative forum.

### B. Private Interest Factors

The Court next analyzes the relevant private interest factors, weighing in the balance a strong presumption against disturbing Plaintiff's initial forum choice. The private interest factors include (1) ease of access to sources of proof and evidence; (2) availability and costs of obtaining willing and unwilling witnesses, and (3) "all other practical problems that make trial of the case easy, expeditious and inexpensive." *La Seguridad*, 707 F.2d at 1307 (citation omitted). The Eleventh Circuit has mandated that, in weighing the private interest, the plaintiff's choice of forum must be given substantial deference. *See SME Racks*, 382 F.3d at 1103.

In this case, the allegedly negligent repairs to the *M/V Tideway* were performed by Ciramar Ltd., a foreign corporation located in the Dominican Republic, at its facilities in the Dominican Republic. All of the representatives of Ciramar Ltd. who performed the repairs as well as the representatives of Ciramar S.A. and former co-Defendant Navieras del Caribe, both foreign corporations located in the Dominican Republic, are domiciled in the Dominican Republic. In fact, Ciramar Ltd. alleges that "the parties, proof, evidence, documents, relevant

-7-

testimony, witnesses and all of the events giving rise to the allegations" in the complaint are all located in the Dominican Republic.

Plaintiff itself acknowledges that "the repairs occurred in the Dominican Republic and evidence relating to the repairs [is] important to this case," but insists that "evidence relating to the repairs is not only located in the Dominican Republic." In support of this contention, Plaintiff states that (1) the eye-witnesses to the sinking and documents related to the sinking are not located in the Dominican Republic; and (2) the surveyor, a likely third party witness, and any evidence he has relating to the repair, is located in Miami, Florida. First, though eye-witnesses to the sinking and documents related to the sinking are not located in the Dominican Republic, they are also not located in Florida. Thus, that does not weigh in favor of either forum -- no matter where this case is tried, there may be difficulty obtaining that testimony and those documents. Second, if the surveyor is apparently the only witness not located in the Dominican Republic, it would be much more efficient and cost effective to try the case in the Dominican Republic where the only difficulty is securing his testimony and documents, as opposed trying the case in Florida, where the parties will face difficulties securing the testimony and documents of every other witness.

Finally, Plaintiff states that, even though it is a Panamanian corporation, it is a resident of Florida because "it maintains an office in Miami, Florida" (which was later described as a "principal office" in its *Response to Motion to Dismiss*) and its choice of forum should not be disturbed. Plaintiff is correct that there is a presumption in favor of a plaintiff's initial forum choice when the plaintiff is a citizen, resident, or corporation of this country. *See SME Racks*, 382 F.3d at 1101. However, there is no inflexible rule that protects American plaintiffs from

-8-

having their causes of action dismissed for *forum non conveniens*.  *See Pollux Holding Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 73 (2d Cir. 2003).  The presence of American plaintiffs in an action is not sufficient of itself to avoid dismissal of the action on *forum non conveniens* grounds because in the *forum non conveniens* analysis, citizenship is only a proxy for other convenience factors.  *See Iragorri v. Int'l Elevator, Inc.*, 203 F.3d 8, 14 (1st Cir. 2000).  In the instant case, Plaintiff is a Panamanian corporation, with questionable residency in Florida (as Plaintiff is not incorporated in Florida and has failed to register for and obtain approval from the Florida Secretary of State to transact business in Florida).  Even if Plaintiff is considered a resident of Florida for *forum non conveniens* analysis, however, the private interest factors in this case weigh in favor of dismissal for the reasons stated above.

### C.  Public Interest Factors

Because the private interest factors are neither in equipoise nor near equipoise, the Court need not address the public interest factors.  However, for purposes of thoroughness, the Court will briefly address these factors.  The public interest factors in the *forum non conveniens* analysis include: 1) court congestion and jury duty generated by controversies having no relation to the forum; 2) the chosen forum's interest in the dispute; 3) the alternative forum's interest in the dispute; and 4) the difficulties associated with applying foreign law.  *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947).

A primary public interest factor is the administrative difficulties this litigation will impose in this forum.  The Supreme Court has recognized the unjustifiable drain on our courts when the predominant contacts are with a foreign country.  *See Piper Aircraft*, 454 U.S. at 261.  If this lawsuit remained in this forum, the Court would oversee a discovery process involving

foreign nationals and foreign documents. It would preside at a trial where it would have little

power, if any, to subpoena testimony, except from the alleged one witness in Miami, the

surveyor. Surely, this will inevitably lead to an inadequate resolution of this matter. Further,

jurors in the Dominican Republic, as opposed to jurors that live in the Southern District of

Florida, have a greater interest in and connection to the issues in this case as it involves work

performed by a Dominican Republic company in the Dominican Republic. *See e.g. Paolicelli v.*

*Ford Motor Co.,* 289 Fed. Appx. 387, 391 (11th Cir. 2008). The balance of the facts indicates

that this Court should not expend its resources in adjudicating an action with little nexus to this

forum.

      The Court must also weigh the relative interests of the sovereigns involved. *See Gulf Oil,*

330 U.S. at 508-09. It is undisputed that Plaintiff negotiated an agreement with Ciramar Ltd. for

services to be performed, and that were actually performed, in the Dominican Republic. Florida's

only interest in adjudicating this matter is that Plaintiff is questionably a resident of Florida and

paid for the services by wiring funds to a Florida bank account. Defendants, on the other hand,

both foreign corporations located in the Dominican Republic, may have caused substantial

damages by performing negligent repairs to a vessel in the Dominican Republic. Obviously, the

Dominican Republic has an interest in this dispute; a defendant's home forum always has an

interest in providing redress for injuries caused by its citizens. *Reid-Walen v. Hansen,* 933 F.2d

1390, 1400 (8th Cir. 1991). The Dominican Republic's interest in remedying wrongs committed

by its citizens in its country clearly outweighs Florida's interest in resolving a dispute involving

actions by foreign Defendants in a foreign country.

      The final public interest factor is the law that will be applied to the substantive issues of

-10-

the case. Ciramar Ltd. alleges that Florida's choice-of-law rules dictate that the law of the

Dominican Republic would have to be applied to adjudicate Plaintiff's negligence claim because

that country has the most significant relationship with the occurrence and the parties. *See*

RESTATEMENT (SECOND) CONFLICT OF LAWS §§ 6, 145-46 (1969) (setting forth significant

relationships test to determine choice of law); *see Bishop v. Florida Specialty Paint Co.*, 389 So.

2d 999 (Fla. 1980) (adopting restatement's choice of law test). Plaintiff does not dispute that

allegation. Although this Court gives neither conclusive nor substantial weight to this fact, it

does tip the balance in favor of dismissal due to *forum non conveniens. See Piper Aircraft*, 454

U.S. at 247.

**D. Undue Inconvenience or Prejudice**

Having analyzed the private and public interest factors, the final step in the *forum non*

*conveniens* inquiry is whether dismissal will cause Plaintiff undue inconvenience or prejudice in

reinstating the suit in the alternative forum. This Court accepts Ciramar Ltd.'s representation that

it will submit to suit in the Dominican Republic, and Ciramar S.A. is a corporation located in the

Dominican Republic (and the alleged "alter ego" of Ciramar Ltd.) so reinstating the suit in the

Dominican Republic will likely cause no inconvenience or prejudice to Plaintiff. Given Ciramar

Ltd.'s stipulation and the fact that Plaintiff has not asserted a sufficient basis upon which this

Court could find that Plaintiff would suffer undue prejudice or greater inconvenience in a

Dominican court, this Court cannot find that a change in forum would unduly prejudice or

inconvenience Plaintiff. *See Perez-Lang,* 575 F. Supp. 2d at 1353.

## IV. CONCLUSION

As this Court finds that it lacks personal jurisdiction over either Defendant, this case is

dismissed. Moreover, even if the Court found that it had personal jurisdiction, it would dismiss under *forum non conveniens*, finding that the Dominican Republic represents an adequate alternative forum. Except for former Defendant Navieras Del Caribe's Motion for Attorneys' Fees, all remaining pending motions are denied as moot and the Clerk of Court shall close this case.

Further, the Marine Attachment and Garnishment as to Defendant Ciramar Ltd. dated May 1, 2008 is vacated. All accounts of Ciramar S.A. presently held at Garnishee Ocean Bank are released from the attachment and garnishment. Garnishee Ocean Bank is directed to return all accounts of Ciramar S.A. identified by Garnishee Ocean Bank in its Answer to Summons and Process of Maritime Attachment and Garnishment filed in this action.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of March, 2009.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record

-12-